UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CARL MCREYNOLDS III, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-01418 |
| | § | |
| BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, JPMORGAN CHASE BANK, CHASE HOME FINANCE LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY AND LONG BEACH MORTGAGE LOAN TRUST. | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by Defendants Deutsche Bank National Trust Company, JPMorgan Chase Bank and Long Beach Mortgage Loan Trust ("Defendants").[1] The parties have consented to proceed before a United States Magistrate Judge.[2] Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **GRANTS** Defendants' Motion for Summary Judgment.

---

[1] Dkt. #24
[2] Dkt. #10

1

## BACKGROUND

Plaintiff John Carl McReynolds executed a promissory note (the "Note") and deed of trust to Long Beach Mortgage Loan Trust on June 19, 2004 for the amount of $400,000$^3$ to put towards the purchase of property at 21550 Stokes Road, Waller, Texas, 77484 (the "Property").$^4$ On September 6, 2011, McReynolds sent a check marked "final payment" $^5$ to the Defendant JPMorgan Chase Bank, N. A. (sued as JPMorgan Chase Bank and Chase Home Finance) ("JPMC").$^6$ However, a balance of $366,834.90 remained due on the account.$^7$ JPMC asserts that the McReynolds defaulted on his loan,$^8$ and a foreclosure sale was to occur on the Property May 1, 2012$^9$.

Before the sale took place, McReynolds brought suit in state court on April 18, 2012. $^{10}$ His suit sought injunctive relief to prevent the foreclosure sale and requested a declaration by the court that he was the rightful holder of legal title to the Property.$^{11}$ Additionally, he claimed that he is entitled to some sum of money from the Defendants.$^{12}$ On May 7, 2012, JPMC timely removed the action to this Court, asserting that this Court has federal question and diversity jurisdiction over the instant action. $^{13}$ McReynolds'

---

$^3$ Dkt. #1-4 at 14.
$^4$ Dkt. #12 at 1.
$^5$ This "final payment" did not represent the amount of money required to repay the $400,000 loan, since a balance remained due on the account.
$^6$ *Id*. at 3.
$^7$ Dkt. #1-4 at 15.
$^8$ Dkt. #12 at 1.
$^9$ Dkt. #1-4 at 1.
$^{10}$ Dkt. #1-5.
$^{11}$ Dkt. #1-4 at 15-16.
$^{12}$ *Id.*
$^{13}$ Dkt. #1.

claim against Defendant Barrett Daffin Frappier & Engel, LLP was dismissed without prejudice, leaving JPMC and Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust as the remaining defendants to McReynolds' claim. McReynolds, who is pro se, filed an Amended Petition on August 13, 2012.[14]  These Defendants have now moved to dismiss McReynolds' claims in this Amended Petition, arguing that he fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I.    Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (the elements of the plaintiff's claims "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").  If a complaint fails to satisfy this requirement, it may be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) by a motion urging that the claim fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive a motion for failure to state a claim, a complaint "must contain … a short and plain statement … showing that

---

[14] Amended of Real Party in Interest's Original Petition for Permanent Injunction and Summary Judgement and Response to Defendant's Motion to Dismiss Plaintiff's Original Petition for Permanent Injunction and Summary Judgment and Brief in Support, Dkt. #23.  The Court construes this document as McReynolds' live petition in this case. ("Amended Petition").

the pleader is entitled to the relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

In conducting this analysis, the complaint should be read in the light most favorable to the nonmoving party, and all factual allegations in the complaint must be taken as true. *Bell Atl. v. Twombly*, 550 U.S. 544, 554-55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001). However, the Court is not required to accept conclusory legal allegations cast in the form of factual allegations if they cannot be reasonably drawn from the facts alleged. *Twombly*, 550 U.S. at 570.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face." *Id.*; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. Further, a "complaint must allege more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007).

The factual allegations within a complaint, whether direct or inferred, must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet the appropriate standard of plausibility there must be enough facts within a complaint "to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements." *Morgan v. Hubert*, 335 Fed. App'x 446, 469 (5th Cir. 2009). This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

When reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (citations omitted).

## II.  Analysis of McReynolds' Claims

McReynolds' Amended Petition, asserts causes of action against Defendants for fraudulent misrepresentation, and he alleges that the foreclosure upon his property is invalid because it violates the Constitution of the State of Texas. McReynolds also appears to plead for injunctive relief.

### A. Fraudulent Misrepresentation and Nondisclosure

McReynolds' Amended Petition takes issue with the validity of the system under which title to land is transferred in the State of Texas and in the United States as a whole. According to McReynolds, the foreclosure upon the Property is invalid because the transactions at issue were based upon a flawed and allegedly fraudulent national system of land conveyances.

The elements of a fraudulent misrepresentation claim under Texas law are: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) the

defendant knew the representation was false when made or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted upon; (5) the representation was in fact justifiably relied upon; and (6) damage to the plaintiff resulted. S*ee Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010); *see also Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 575 (Tex. 2001). As a general rule, a party is not bound by a contract procured by fraud. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998); *see also Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex.1997).

A claim for fraud by nondisclosure may arise where (1) a party conceals or fails to disclose a material fact within the knowledge of that party; (2) the party knows the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact; and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex. 2001); *JSC Neftegas–Impex v. Citibank, N.A.*, 365 S.W.3d 387, 408 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). A representation is material if "a reasonable person would attach importance to [it] and would be induced to act on the information in determining his choice of actions in the transaction in question." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

Generally, the failure to disclose information does not constitute fraud unless there is a duty to disclose the information. *Bradford*, 48 S.W.3d at 755; *Ins. Co. of N. Am. v.*

6

*Morris*, 981 S.W.2d 667, 674 (Tex. 1998); *JSC Neftegas–Impex*, 365 S.W.3d at 408–09 (holding that first element of fraud claim based on failure to disclose material fact within defendant's knowledge is triggered only if defendant has legal obligation to disclose fact). Whether a duty to disclose exists is a question of law. *Bradford*, 48 S.W.3d at 755.

In addition, a claim of either type of fraud requires a showing of actual and justifiable reliance. *Grant Thornton,* 314 S.W.3d at 923 (Tex. 2010); *JSC Neftegas–Impex,* 365 S.W.3d at 397 n.3. In evaluating justification, the court considers whether, "given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud[,] it is extremely unlikely that there is actual reliance on the plaintiff's part." *Grant Thornton*, 314 S.W.3d at 923 (quoting *Haralson v. E.F. Hutton Grp., Inc.*, 919 F.2d 1014, 1026 (5th Cir. 1990)).

Under Federal Rule of Civil Procedure 9(b), a pleading asserting a cause of action for fraud must specify the statements alleged to be fraudulent, "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Barrie v. Intervoice–Brite, Inc*., 397 F.3d 249, 256 (5th Cir. 2005); FED. R. CIV. P. 9(b). McReynolds' Amended Petition wholly fails to set out the "who, what, when, where and how" of the alleged fraudulent misrepresentations at the heart of his claim, and he has therefore failed to plead sufficient facts to meet the requirements of Rule 9(b). *See, e.g., Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir.2002)).

Further, McReynolds' Amended Petition pleads only general challenges to the system of land conveyances and the character of the Note as a binding legal contract. The Amended Petition does not allege any specific facts that would be sufficient to support the claims of fraudulent misrepresentation or fraud by non-disclosure under Texas law. In short, his Amended Petition does not contain "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. Defendants' motions to dismiss this claim are therefore **GRANTED**.

### B. Validity of the Foreclosure under the Texas Constitution

McReynolds also alleges that the foreclosure upon his home violated the provisions of the Texas Constitution. The Court construes this claim as a cause of action for wrongful foreclosure. Specifically, McReynolds points to the statement in Article XVI section 50(a)(6) that "the homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts . . . except for [certain enumerated types of] an extension of credit. . . ." TEX. CONST. art. XVI, § 50(a).

Defendants contend that McReynolds has misread this section of the Constitution, and that it applies only to equity loans on homes already purchased—not to loans covering the original purchase money of a home. *See, e.g., Wells Fargo Bank, N.A. v. Robinson,* No. 05–11–00700–CV, 2012 WL 6134871, 2 (Tex. App—Dallas Dec. 11, 2012) ("Article 16, Section 50(a)(6) of the Texas Constitution sets forth the requirements for an extension of credit secured by a lien on the borrower's homestead."). The Court agrees.

Further, section 50(a) specifically allows the forced sale of homesteads for the payment of debts when the debt was for the purchase money for the Property. TEX. CONST. art. XVI, § 50(a)(1); *Cavil v. Trendmaker Homes, Inc.*, No. G–10–304, 2012 WL 170751,*5 (S.D. Tex. Jan. 19, 2012). McReynolds' pleadings in this case admit that the Deed of Trust was issued to him and that it was "a mortgage contract." Accordingly, McReynolds' pleadings fail to state a claim for a violation of Article XVI section 50(a)(6) of the Constitution of the State of Texas. Defendants' motions to dismiss this claim are therefore **GRANTED**.

### C. McReynolds' Claim for Injunctive Relief

Because McReynolds has failed to plead a claim upon which relief can be granted, he is not entitled to any injunctive relief in this case. "To be entitled to a preliminary injunction, the applicant [s] must show (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] substantial injury outweighs the threatened harm to the party whom [they] seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir.2009) (internal citation omitted). An "absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003). Accordingly, Defendants' motions to dismiss this claim are **GRANTED** as well.

### D. Dismissal with Prejudice

Dismissals with prejudice are generally disfavored. When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*, 659 F.Supp.2d 790, 795 (S.D. Tex. 2009). In this case, a review of McReynolds' original and amended pleadings reveals that his general theory of the case is that the United States as a whole, and Texas in particular, employs a questionable method for the recordation and transfer of land title, and that the issuance of a Note in accordance with a Deed of Trust as a security instrument is not a binding debt but is instead itself some type of valid legal tender. The Court finds that this case presents one of the rare circumstances where further leave to amend would be futile, and that dismissal of McReynolds' claims with prejudice is warranted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss**, with prejudice.**

SIGNED at Houston, Texas, this 27th day of February, 2013.

_____
George C. Hanks Jr.
United States Magistrate Judge